NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 21 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| MARVIN SIVER, ON BEHALF OF ESTATE OF RUTH SIVER, WIDOW OF DAVID SIVER,<br><br>        Petitioner,<br><br>  v.<br><br>KAISER STEEL RESOURCES, INC./KAISSER ALUMINUM & CHEMICAL CORPORATION, ET. AL.<br><br>        Respondents. | No. 22-2098<br><br>Agency No. 21-0426<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Benefits Review Board

Submitted February 16, 2024[**]
San Francisco, California

Before: MILLER, BADE, and VANDYKE, Circuit Judges.

Petitioner, Marvin Siver, seeks review of a Benefits Review Board ("Board")

order affirming a decision by an Administrative Law Judge ("ALJ") that Ruth

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Siver's claims under the Longshore and Harbor Workers' Compensation Act ("LHWCA") were barred. The Board held that the ALJ was correct in his determination that Ruth entered into settlement agreements with third parties without seeking approval from a covered employer, and thus was barred from seeking benefits from any employer under the LHWCA. We have jurisdiction under 33 U.S.C. § 921(c), and we deny the petition.

When reviewing decisions of the Board, we must determine whether the decision contains any errors of law and whether it is based on substantial evidence. *See Cretan v. Bethlehem Steel Corp.*, 1 F.3d 843, 845 (9th Cir. 1993) (citations and quotations omitted). If the decision is "reasonable and reflects the underlying policy of the statute," then this court will defer to the Board. *Alcala v. Director, Off. of Workers Comp. Programs*, 141 F.3d 942, 944 (9th Cir. 1998) (quotations omitted).

Petitioner's challenge centers on the operation of 33 U.S.C. § 933(g). This provision of the LHWCA protects employers of workers entitled to compensation under the Act by ensuring that employees or their successors-in-interest cannot obtain a double recovery. It gives people entitled to compensation under the Act the opportunity to sue and settle with third parties who may be at fault for any injuries or death resulting from the negligence of those parties. *See* 33 U.S.C. § 933(g). But if a person entitled to compensation enters into such a settlement, "before the settlement is executed," he must obtain approval "from the employer and the

2

employer's carrier" if he wishes to receive any additional compensation he may be entitled to under the LHWCA. *See id.* at § 933(g)(1)–(2). If he does not receive written approval but still settles, he forfeits his right to additional compensation. *See id.*

Petitioner argues that, even though he signed agreements on behalf of himself and all heirs to settle a wrongful death claim arising out of his father's death without obtaining the required approval, his mother Ruth did not. Therefore, he claims, her estate is still entitled to compensation from her husband's employers under the LHWCA. But Ruth signed a durable power of attorney giving Marvin broad authority to act on her behalf. Ruth was a party to the "survival wrongful death" action, which Marvin settled on behalf of the "[d]ecedent's heirs." Under California law, Ruth fell within the definition of "heir." *See* Cal. Code of Civ. Pro. 377.60. Petitioner argues, however, that because Ruth executed an undisclosed disclaimer of all interest in the wrongful death action and because she was not specifically listed as an heir on certain hold-harmless agreements, Ruth did not enter the settlement, and therefore § 933(g) does not apply to Ruth or her estate.

The ALJ and the Board's conclusions that Ruth was a party to the settlement—both as a named party in the suit and an heir of the decedent—and that her son was acting as her agent in settling the cases is supported by substantial evidence. Additionally, the Board's interpretation of the requirements of the

3

LHWCA is reasonable and fits with the statute's underlying purpose of preventing double recovery. Consequently, we affirm the Board's decision.

**PETITION DENIED.**

4